328

IN THE MATTER OF RICHARD J. CARSTENSEN, ATTORNEY AT LAW.

No. 12913.
Decided March 19, 1975.
539 P.2d 387.

See also 167 Mont. 321, 539 P.2d 384.

Ronald F. Waterman, Helena, Mont., for appellant.
Sandall, Cavan & Edwards, Billings, Mont., for respondent.

## ORDER

In this cause on March 4, 1975, the Repoirt, Findings and Recommendations of the Commission on Practice of this Court were filed with the Clerk and a Citation issued to respondent attorney notifying him to make and file his exceptions to the report or a written election not to file exceptions within ten days after service of the Citation and copy of the Report

upon him. Such service was made on March 6, 1975. Thereafter, and on March 17, 1975, exceptions were filed with the Clerk and submitted to the members of this Court for their consideration.

The purpose of making and filing exceptions is to permit one charged with misconduct to challenge the findings of the Commission or its conclusions resulting from an adversary hearing wherein the weight of the evidence is considered and the conclusions arrived at thereby, but in this cause respondent offered no evidence save that in mitigation and for him to except to the findings of the Commission or its conclusions drawn therefrom is a sham.

Respondent admitted the charges set forth in the complaint and waived the presentation of any proof thereof at the hearing, he filed no answer or other pleading, he offered no testimony or other evidence upon the hearing. The comment by the hearing committee of the Commission is particularly applicable here:

"The duty of the Commission is to protect the public interest and the integrity of the Bar. In deciding what disciplinary action should be recommended, that discipline, regardless whether it be public or private censure, suspension or disbarment, is not a matter of punishment, but rather a method utilized for the protection of the general public and the protection of the honesty, justice and morality of the Bar. Neither the suggestion that respondent for sympathy or an appeal to compassion, standing alone, merit or warrant deviation from the performance of our primary duty. Basically we must ask ourselves whether the respondent, under the circumstances, and after giving full consideration to all matters presented, is a fit and suitable person to continue as a lawyer. The conscience of this Hearing Committee answers that question in the negative."

The purported exceptions are hereby ordered stricken from the record as sham and frivolous.